**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 09-4725**

———————————

UNITED STATES OF AMERICA,

                 Plaintiff - Appellee,

        v.

ARTHUR SHABAZZ SANDERS, JR.,

                 Defendant - Appellant.

———————————

Appeal from the United States District Court for the Eastern
District of North Carolina, at Raleigh.   James C. Fox, Senior
District Judge.   (5:06-cr-00285-F-4)

———————————

Submitted:  September 30, 2011       Decided:  October 13, 2011

———————————

Before SHEDD and AGEE, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

———————————

Affirmed in part, vacated in part, and remanded by unpublished
per curiam opinion.

———————————

Mark R. Sigmon, GRAEBE HANNA & WELBORN PLLC, Raleigh, North
Carolina, for Appellant.   Jennifer P. May-Parker, Assistant
United States Attorney, Jennifer E. Wells, OFFICE OF THE UNITED
STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Arthur Shabazz Sanders pled guilty to conspiracy to possess with intent to distribute and to distribute cocaine and more than fifty grams of cocaine base ("crack") and was sentenced to 262 months of imprisonment. On appeal, counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting there are no meritorious grounds for appeal, but raising the following issue: whether the district court erred by denying Sanders' motions to withdraw his guilty plea. For the reasons that follow, we affirm in part, vacate in part, and remand.

We do not find that the district court abused its discretion by denying Sanders' motions to withdraw his guilty plea. United States v. Ubakanma, 215 F.3d 421, 424 (4th Cir. 2000). A defendant bears the burden of demonstrating to the district court's satisfaction that a "fair and just reason" supports his request to withdraw. Fed. R. Crim. P. 11(h). Although we have articulated certain factors a district court should consider in determining whether to grant a motion to withdraw, see United States v. Moore, 931 F.2d 245, 248 (4th Cir. 1991) (providing factors), the key to determining whether a motion to withdraw should be granted, is whether the plea hearing was properly conducted under Fed. R. Crim. P. 11. United States v. Puckett, 61 F.3d 1092, 1099 (4th Cir. 1995).

2

Our review of Sanders' plea hearing reveals the district court complied with Rule 11. Therefore we find that Sanders' claim of error is without merit.

Next, Sanders argues, in his Fed. R. App. P. 28(j) filing, that he should not been considered a career offender, under U.S. Sentencing Guidelines Manual § 4B1.1 (2008), in light of our recent opinion in United States v. Simmons, 649 F.3d 237, __, 2011 WL 3607266 (4th Cir. 2011). The Government also seeks resentencing in light of Simmons. Accordingly, we vacate Sanders' sentence and remand for resentening. We do not find, however, that Sanders is entitled to relief under Simmons, leaving that decision to the district court in the first instance.

In accordance with Anders, we have reviewed the record in this case, including the issues raised in Sanders' pro se supplemental brief, and have found no meritorious issues for appeal. We therefore affirm Sanders' conviction, vacate his sentence, and remand for resentencing. This court requires that counsel inform Sanders, in writing, of the right to petition the Supreme Court of the United States for further review. If Sanders requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.

Counsel's motion must state that a copy thereof was served on Sanders.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART,
VACATED IN PART,
AND REMANDED
